

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-11-00078-CR

---

RICHARD LEE RABB, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 382nd District Court
Rockwall County, Texas
Trial Court No. 2-10-246, Honorable Brett Hall, Presiding

---

October 8, 2014

## OPINION ON REMAND

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Appellant Richard Lee Rabb appealed his conviction by bench trial of the third degree felony offense of tampering with physical evidence. We agreed with Rabb there was insufficient evidence to show that, knowing an investigation was in progress, he destroyed an item. We reversed his conviction, and entered a judgment of acquittal. *Rabb v. State,* 387 S.W.3d 67, 69 (Tex. App.—Amarillo 2012). The Court of Criminal Appeals also agreed the evidence supporting Rabb's conviction of tampering by destruction was insufficient, but remanded the case for our determination whether the

judgment must be reformed to convict Rabb of the lesser-included offense of an attempt to tamper with evidence. *Rabb v. State,* 434 S.W.3d 613 (Tex. Crim. App. 2014). The Court of Criminal Appeals established the standard for such a determination in its opinion in *Thornton v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014).

Quoting *Thornton*, 425 S.W.3d at 299-300, the Court of Criminal Appeals set out the two questions we must consider:

> [A]fter a court of appeals has found the evidence insufficient to support an appellant's conviction for a greater-inclusive offense, in deciding whether to reform the judgment to reflect a conviction for a lesser-included offense, that court must answer two questions: 1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment. But if the answers to both are yes, the court is authorized-indeed required-to avoid the "unjust" result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense.
>
> *Rabb,* 434 S.W.3d at 620.

After remand, we offered the parties the opportunity for briefing on the subject of reformation. Both parties responded. The State urges that when the analysis in *Thornton* is applied to the record in this case, reformation of the judgment to convict Rabb of the lesser-included offense of attempted tampering with evidence is required. We reach the contrary conclusion after applying the *Thornton* analysis, and find reformation to a conviction of attempted tampering with evidence is not permitted in this case.

2

Rabb was charged by an indictment alleging that "knowing that an investigation was in progress, to-wit: theft, [he did] intentionally or knowingly destroy a plastic baggie containing pills with intent to impair its availability as evidence in the investigation." *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2011). The evidence showed that Rabb and his stepbrother were in a Wal-Mart store in Rockwall. His stepbrother was detained, suspected of shoplifting. As Rabb was about to leave the store, he also was detained, and was asked if he possessed any of the store's merchandise. He denied having any merchandise, and consented to a search of his person. During the search, Rabb removed a small plastic baggie from his back pocket and, when an officer attempted to take it, Rabb put the baggie into his mouth and swallowed it. Rabb later told a paramedic the baggie contained pills that were not prescribed to him. Neither the baggie nor its contents were recovered. *Rabb,* 434 S.W.3d at 614-15.

The first question that confronts us is whether, in the course of convicting Rabb of tampering with evidence by destruction the trial court necessarily found every element necessary to convict him of attempted tampering. Under the criminal attempt statute, a person "commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01(a) (West 2012). *Thornton* also involved a conviction for tampering with evidence, also reversed on direct appeal. 425 S.W.3d at 291-92. In its recent opinion, the Court of Criminal Appeals conducted the analysis to determine whether the judgment there should be reformed to convict Thornton of attempted tampering with evidence. *Id.* at 300. Synthesizing the findings of the jury that convicted Thornton of the greater offense of tampering with

3

evidence by concealing with the elements of a lesser-included offense of attempted tampering, to address the first question of the reformation analysis, the court stated the question "can be answered in the affirmative only if the jury, by its verdict, must necessarily have found that, 1) knowing that an offense had been committed, and with 2) the specific intent to conceal the crack pipe, and 3) the specific intent to impair the availability of the crack pipe as evidence in a later investigation or proceeding, the appellant 4) did an act amounting to more than mere preparation that 5) tended but failed to result in concealment of the crack pipe." *Id.* at 300-01.

The court determined that the jury must necessarily have found the five elements to have been proven when it found Thornton guilty of actual concealment of the crack pipe. 425 S.W.3d at 302. En route to that determination, the court held that by its verdict, the jury "explicitly found" the first three elements, those relating to Thornton's culpable mental state, were proven. *Id.* at 301. That is, the court held, by its verdict finding Thornton guilty of tampering with evidence by concealment, the jury necessarily determined that Thornton acted with knowledge that an offense had been committed, and with the specific intents to conceal the crack pipe and impair its availability as evidence in a later investigation.

The present case differs from *Thornton* in some respects. As noted, Rabb's guilt was determined by the trial court in a bench trial rather than by a jury. And he was convicted of tampering under § 37.09(a), dealing with tampering when an investigation or official proceeding is in progress, while Thornton was convicted under § 37.09(d),

4

which deals with tampering after the commission of an offense.  *See* TEX. PENAL CODE ANN. § 37.09(a), (d) (West 2011).[1]

Following the pattern set out in *Thornton*, and similarly synthesizing the elements the trial court must have found proven beyond reasonable doubt with those of the lesser-included attempt, to answer the first reformation question affirmatively we must conclude that the trial court found Rabb: (1) knowing that an investigation was in progress, and with (2) the specific intent to destroy the plastic baggie containing pills, and (3) the specific intent to impair the availability of the plastic baggie containing pills as evidence in the investigation, (4) did an act amounting to more than mere preparation that (5) tended but failed to result in the destruction of the plastic baggie containing pills.

It is clear the trial court must have determined beyond reasonable doubt that Rabb knew an investigation was in progress when he swallowed the baggie containing the pills.  *See* TEX. PENAL CODE ANN. § 37.09(a).  The evidence was consistent with the indictment, showing that Rabb knew he was detained for an inquiry into his possible theft of merchandise.  For purposes of the sufficiency of evidence to show his guilt of tampering, it would not have mattered that the pills might not have been evidence in the

---

[1] Too, the nature of the evidentiary insufficiency may be seen as differing from that in *Thornton*.  Rabb's conviction was reversed because the State plead one statutory alternative for the conduct element of tampering but proved another statutory alternative.  *See Cada v. State*, 334 S.W.3d 766, 768 (Tex. Crim. App. 2011) (variance between pleading of one statutory element and proof of a different statutory element is material); *Rabb*, 434 S.W.3d at 617-18 (*citing Cada*, 334 S.W.3d at 776).  The evidentiary insufficiency in *Thornton* did not involve such a "variance" but a more typical failure of proof.  *See Thornton*, 425 S.W.3d at 292.  We will not examine the question, but will assume that the first-question analysis required of us on remand in this case is not affected by this distinction in the nature of the evidentiary insufficiency.

theft investigation, so long as Rabb intended to impair the availability of the pills in that investigation. *See Williams v. State,* 270 S.W.3d 140, 145 (Tex. Crim. App. 2008) ("the title of the investigation and the evidence concealed need not match as long as the accused intends to impair the availability of the evidence in an investigation he knows is in progress"). In order to find Rabb guilty of tampering, the trial court also must have determined beyond reasonable doubt that he swallowed the baggie with the intent to impair its availability in the theft investigation. Tex. Penal Code Ann. § 37.09(a)(1). The first and third elements are satisfied.

The second element is more problematic. That element requires us to conclude that the trial court, by finding Rabb guilty of tampering by destruction, necessarily found beyond reasonable doubt that he acted with the specific intent to destroy the baggie containing pills.

In footnotes 59 and 60 to its opinion in *Thornton*, 425 S.W.3d at 300-01, the Court of Criminal Appeals elaborated on its conclusion that the second element was met in that case. It gave two rationales to explain its conclusion. In footnote 60, the court pointed to the wording of the trial court's charge, which, in its application paragraph, required the jury to find beyond reasonable doubt that Thornton "intentionally and knowingly conceal[ed] physical evidence, to wit: glass pipe . . . ." The court reasoned that by its general verdict, the jury "signified its assent to the proposition" the State had carried its burden to prove beyond a reasonable doubt that, *inter alia*, Thornton intentionally concealed physical evidence. 425 S.W.3d at 301 n.60.

6

In footnote 59, the court outlined a rationale based on the elements of tampering under § 37.09(d)(1). The court held that "the inclusion [in that subsection] of the adverbial phrase 'with the intent to impair its verity, legibility, or availability as evidence in any subsequent investigation' necessarily has the effect of requiring that the actor have a concomitant intent to alter, destroy, or conceal the evidence." 425 S.W.3d at 300 n.59. The court reiterated the rationale in footnote 60, responding to Judge Alcala's dissenting opinion and stating its holding that a jury finding Thornton acted with the specific intent to conceal the crack pipe was "subsumed by" the jury's finding he acted with the specific intent to impair the crack pipe's verity, legibility, or availability as evidence. 425 S.W.3d at 301 n.60.

In our present case, however, there was, of course, no jury charge. And the indictment alleged Rabb "intentionally or knowingly" destroyed the baggie containing pills. We see no basis, therefore, for a conclusion the trial court necessarily determined that Rabb acted with the specific intent to destroy the baggie, or the pills. This places Rabb's case within the example mentioned in footnote 59 in *Thornton*, one in which the actor could have been convicted of tampering with evidence on the basis of a finding he harbored a culpable mental state less than intent with respect to the conduct element,[2] with the result that a reviewing court is unable to determine that the factfinder necessarily found the actor harbored a "specific intent" to destroy the evidence. 425 S.W.3d at 300 n.59.

---

[2] Concealment in *Thornton*; destruction in this case.

And, as we read the *Thornton* opinion,[3] this distinction also renders inapplicable the second rationale the court outlined, holding that, under the language of the tampering statute, a finding of an intention to impair the availability of evidence subsumes a finding of an intention to alter, destroy or conceal it. As noted, Rabb's prosecution for tampering under Penal Code § 37.09(a)(1), like Thornton's under § 37.09(d)(1), required proof that Rabb acted with the specific intent to impair the availability of the baggie containing pills as evidence. That proof is the subject of the third element of the analysis, and we have stated our conclusion that the trial court necessarily found such proof when it convicted Rabb of tampering. However, because the trial court may have determined that Rabb only knowingly destroyed the baggie containing pills, we cannot agree that the rationale outlined in the *Thornton* opinion's footnote 59 permits us to assume the trial court's finding Rabb acted with the specific

---

[3] Parts of the *Thornton* opinion's discussion in its footnotes 59 and 60 can be read to say, in effect, that the second element of the analysis is satisfied in every conviction for tampering under Penal Code § 37.09(a)(1) or § 37.09(d)(1). *See, e.g.,* 425 S.W.3d at 301 n.59 ("An actor could not harbor an intent to impair the availability of the evidence, carry out that intent by means of concealment, and yet *not* have had a 'conscious objective' to conceal the evidence") (italics in orig.). Our difficulty with such a reading is that it renders the court's discussion of the trial court's charge unnecessary, and runs contrary to the court's repeated references to the jury's "explicit" and "actual" findings. *See* 425 S.W.3d at 301 & n.59 ("the synthesis of the tampering statute with the attempt statute does not operate to attach a higher culpable mental state to the element of concealment than the mental state *the jury actually found* in the course of convicting the appellant of tampering with evidence" (italics ours); *id.* at 301 n.60 ("To hold otherwise would require us to subscribe to the inconsistent notions that *the jury* 1) believed that the appellant intended to impair the crack pipe's availability as evidence, 2) *believed that he intended to conceal the crack pipe*, and yet 3) harbored some implicit doubt about whether he specifically intended to commit the crime of tampering with evidence." (italics ours). But again, in this bench trial, and under the wording of the indictment, the record does not establish that the trial court necessarily believed Rabb intended to destroy the baggie containing pills. Rabb's guilt would have been supported by a conclusion he knowingly destroyed it. In this case we will apply the more narrow reading of the *Thornton* opinion's language.

8

intent to impair the availability of the baggie containing pills necessarily subsumes a finding he acted with the specific intent to destroy the baggie, or the pills.

The fourth and fifth elements of the analysis require conclusions Rabb's conviction for tampering by destruction necessarily means the court found he did an act amounting to more than mere preparation that tended but failed to result in the destruction of the plastic baggie containing pills. Following the analysis of those elements in *Thornton*, 425 S.W.3d at 302, we find those elements satisfied here. But we find the second element of the analysis unmet on this record, and thus are unable to conclude that by convicting Rabb of tampering with evidence, the trial court must have found every element necessary to convict him of the lesser-included offense of attempted tampering. It is unnecessary for us to consider the second question, that asking whether the record contains sufficient evidence to support a conviction for the lesser-included offense. *See Rabb,* 434 S.W.3d at 620 ("If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment").

Finding we may not reform the judgment of conviction, we leave undisturbed our previous judgment of acquittal.

James T. Campbell
Justice

Publish.