FILED IN
COURT OF CRIMINAL APPEALS

March 9, 2015

ABEL ACOSTA, CLERK

PD-1472-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/6/2015 5:44:41 PM
Accepted 3/9/2015 9:11:36 AM
ABEL ACOSTA
CLERK

No. PD-1472-14

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

RICHARD LEE RABB, Appellant

v.

THE STATE OF TEXAS, Appellee

Appeal from Rockwall County

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

# NAMES OF ALL PARTIES TO THE TRIAL COURT'S JUDGMENT

Trial Judge: **Hon. Bret Hall**.

Appellant: **Richard Lee Rabb**.

Appellee: **The State of Texas**.

Trial Counsel for Appellant: **Ted Sansom**, Attorney at Law, P.O. Box 1178, Rockwall, Texas 75087.

Appellate Counsel for Appellant: **Greg Gray**, The Gray Law Firm, PLLC, 1012 Ridge Road, Rockwall, Texas 75087.

Trial Counsel for the State: **Damita Sangermano**, Assistant Criminal District Attorney, 1111 East Yellowjacket Lane, Suite 201, Rockwall, Texas 75087.

Appellate Counsel for the State: **Jeffrey W. Shell**, Assistant Criminal District Attorney, 1111 East Yellowjacket Lane, Suite 201, Rockwall, Texas 75087 and **Lisa C. McMinn**, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**1)  Because the legislature has determined that criminal attempt is a lesser-included offense of the completed offense, does a jury that finds guilt of the completed offense "necessarily find" guilt of attempt?**

**2) When the fact-finder determines that the defendant committed an act "with intent to [cause a specific result]," does it necessarily find that he intended to commit the act?**

**3) What is the remedy for insufficient evidence of the charged offense when the evidence was sufficient to prove a lesser-included offense but the record does not indicate that the fact-finder affirmatively found the lesser-included offense?**

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

*Bowen v. State*, 374 S.W.3d 427 (Tex.Crim. App. 2012) . .. . . . . . . . . . . . . . . . 3, 4

*Celis v. State*, 416 S.W.3d 419 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . 8

*Flanagan v. State*, 675 S.W.2d 734 (Tex. Crim. App. 1982). . . . . . . . . . . . . . . . . 9

*Gonzales* v. State, 532 S.W.2d 343 (Tex. Crim. App. 1976). . . . . . . . . . . . . . . . 6

*Price v. State*, 434 S.W.3d 601 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . 5

*Rabb v. State*, 387 S.W.3d 67 (Tex. App.–Amarillo 2012) . . . . . . . . . . . . . . . . . 1

*Rabb v. State*, 434 S.W.3d 613 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . 2, 3

*Rabb v. State*, 446 S.W.3d 892 (Tex. App. –Amarillo 2014). . . . . . . . . . 2, 5, 8, 10

*Ex parte Smith*, 645 S.W.2d 310 (Tex. Crim. App. 1983). . . . . . . . . . . . . . . . . . 8

*Stadt v.State*, 182 S.W.3d 360, 364 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . 7n

*Stephens v. State,* 806 S.W.2d 812 (Tex. Crim. App. 1990).. . . . . . . . . . . . . . . 12

*Thornton v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014). . . . . . . . . . . . *passim*

*Wasylina v. State*, 275 S.W.3d 908 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . 5

## Statutes

Tex. Code Crim. Proc. art. 37.09 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 7n

Tex. Penal Code § 6.02(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7n

Tex. Penal Code § 6.03(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7n

Tex. Penal Code § 6.03(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7n

Tex. Penal Code § 15.01(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. PENAL CODE § 37.09(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 6

No. PD-1472-14

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

RICHARD LEE RABB,                                                         Appellant

v.

THE STATE OF TEXAS,                                                      Appellee

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents to this Court its brief on the merits.

## STATEMENT REGARDING ORAL ARGUMENT

The Court did not grant oral argument.

## STATEMENT OF THE CASE

The trial court convicted Appellant of tampering with physical evidence by destroying a baggie. The court of appeals reversed and ordered an acquittal due to insufficient evidence that the baggie was actually destroyed. *Rabb v. State*, 387 S.W.3d 67 (Tex. App.–Amarillo 2012) (*Rabb I*). On discretionary review, this Court

1

remanded to the court of appeals to determine whether the judgment should be reformed to reflect a conviction for attempted tampering with evidence. *Rabb v. State*, 434 S.W.3d 613 (Tex. Crim. App. 2014) (*Rabb II)*. The court of appeals held that reformation was improper. *Rabb v. State*, 446 S.W.3d 892 (Tex. App. –Amarillo, 2014) (*Rabb III*). This Court granted the State's petition on February 4, 2015.

## ISSUES PRESENTED

**1). Because the legislature has determined that criminal attempt is a lesser-included offense of the completed offense, does a jury that finds guilt of the completed offense "necessarily find" guilt of attempt?**

**2). When the fact-finder determines that the defendant committed an act "with intent to [cause a specific result]," does it necessarily find that he intended to commit the act?**

**3). What is the remedy for insufficient evidence of the charged offense when the evidence was sufficient to prove a lesser-included offense but the record does not indicate that the fact-finder affirmatively found the lesser-included offense?**

## STATEMENT OF FACTS

A police officer approached Appellant outside a Wal-mart store after his step-brother was detained for shoplifting, and Appellant consented to a search. *Rabb* II, 434 S.W.3d at 614-15. The officer saw a baggie in Appellant's hand and tried to take it from him. *Id.* at 615. Appellant put the baggie in his mouth and eventually swallowed it, despite struggling with the officer and being tasered multiple times. *Id.*

2

Appellant later admitted that the baggie contained pills. *Id.* No effort was made to retrieve the baggie. *Id*.

## SUMMARY OF THE ARGUMENT

Because the legislature has determined that criminal attempt is a lesser-included offense of the completed offense, a finding of guilt on any completed offense will always include a finding of guilt of attempt to commit that offense, regardless of the fact-finder's actual belief. Alternatively, a verdict of guilt tampering with evidence always includes a finding of guilt of attempted tampering because the tampering statute itself requires specific intent; the act that constitutes tampering must be committed with intent to make the evidence unavailable for an investigation or proceeding. A jury that finds that the defendant destroyed evidence with intent to impair its availability in an investigation or proceeding cannot logically believe that the defendant did not have the specific intent to engage in the conduct or ultimately commit the offense.

## ARGUMENT

*Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012), held that a conviction reversed on appeal due to insufficient evidence may be reformed to a lesser-included offense that was proved beyond a reasonable doubt at trial. It

3

reasoned that an outright acquittal under those circumstances would usurp the fact-finder's determination of guilt. *Id.*  In *Thornton v. State*, 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014), the Court explained that, assuming the evidence is sufficient to prove a lesser-included offense, reformation to the lesser is proper only if the jury *necessarily* found the elements of the lesser in the course of finding guilt of the charged offense.  Reforming the judgment based only on a determination of what the jury could have found requires speculation on what the jury actually found, which usurps its exclusive fact-finding function. *Id.* at 298-99.

A person commits the offense of tampering with evidence if, "knowing that an investigation or official proceeding is pending or in progress, he ... alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding."  TEX. PENAL CODE§ 37.09 (a)(1).[1]  A person commits the offense of criminal attempt if, "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."  TEX. PENAL CODE § 15.01(a).

---

[1] The indictment in this case charged Appellant with, "knowing that an investigation was in progress, . . . intentionally or knowingly destroy[ing] a plastic baggie containing pills with intent to impair its availability as evidence in the investigation." CR: 15.

The court of appeals believed that because the trial court convicted Appellant under an indictment alleging that Appellant intentionally *or knowingly* destroyed evidence, the trial judge may not have found that Appellant had the *specific intent* to tamper with evidence. *Rabb III*, 446 S.W.3d at 895-96. Therefore, it refused to reform the judgment to attempted tampering with evidence. *Id.* at 896. However, because the legislature has determined that criminal attempt is a lesser-included offense of the completed offense, a jury that finds guilt of the completed offense necessarily finds guilt of attempt.

## I. Attempt is always found when a guilty verdict on the completed offense is rendered.

According to TEX. CODE CRIM. PROC. art. 37.09 (4), "An offense is a lesser included offense if ... it consists of an attempt to commit the offense charged or an otherwise included offense." And this Court has previously determined that a jury that finds guilt of the charged offense necessarily finds guilt of all the lessers:

> An offense is denominated as 'lesser-included' precisely because proof of the lesser offense is 'included' in the offense described in the charging instrument. If the State proves the charged offense, it necessarily proves all lesser-included offenses. That is why the submission of a lesser-included offense does not violate the defendant's constitutional due-process right to notice of the crime of which he is accused.

*Wasylina v. State*, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009); *see also Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014) ("A criminal attempt to commit

5

a predicate offense is a lesser-included offense of that predicate offense and is subsumed within that completed offense upon commission.").

*Thornton* grappled with the question of how criminal attempt–which requires specific intent–could be necessarily established by proof of a charged offense that does not require specific intent. The dissent recognized an apparent conflict between Article 37.09(4), which states that attempt is a lesser-included offense of the completed offense, and the specific intent requirement in the attempt statute. *Thornton*, 425 S.W.3d at 319 (Alcala, J., dissenting). The dissent pointed to *Gonzales v. State*, 532 S.W.2d 343 (Tex. Crim. App. 1976), which addressed whether attempted involuntary manslaughter is an offense. *Id.* at 321. *Gonzales* noted that attempt requires specific intent and the culpable mental state for involuntary manslaughter is recklessness. *Id.* at 345. Reasoning that "one cannot intend to 'involuntarily' kill another," the Court concluded that attempted involuntary manslaughter does not exist. *Id.*

*Gonzales* did not address when an offense is included within another. It addressed whether criminal attempt can be applied to an offense that can only be committed recklessly. Appellant does not contend that attempted tampering with evidence is not an offense.

Article 37.09 defines lesser-included offenses as a matter of law. Because the

legislature has determined that attempt is always established by proof of the completed offense, a judge or jury that finds the completed offense necessarily also finds guilt of attempt to commit the offense as a matter of law. This is so even if the judge or jury did not explicitly make that determination.[2]

## II. An offense that requires an act be committed "with intent to" cause a specific result is a specific intent offense, regardless of whether a culpable mental state attaches to the act itself.

Even if criminal attempt does not apply to all offenses, it applies to all offenses that require specific intent. A fact-finder who determines that a defendant committed an act "with intent to" cause a specific result necessarily finds specific intent to commit the offense.

*Thornton* held that in order for the appellate court to reform the conviction to

---

[2]This is conceptually similar to a jury that, by finding a defendant guilty of reckless conduct, necessarily finds him guilty of criminal negligence. TEX. CODE CRIM. PROC. art. 37.09 (3) provides, "An offense is a lesser included offense if...it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission." *See also* TEX. PENAL CODE §6.02 (e) ("Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."). Recklessness requires that the defendant be "aware of but consciously disregard... a risk." TEX. PENAL CODE §6.03(c). Criminal negligence requires that the defendant "ought to be aware of the risk" and "the failure to perceive it constitutes a gross deviation from the standard of care..." TEX. PENAL CODE §6.03(d). Thus, while a reckless defendant is aware of the risk, the criminally negligent defendant fails to perceive it. *Stadt v.State*, 182 S.W.3d 360, 364 (Tex. Crim. App. 2005). While these concepts appear to be mutually exclusive, failure to perceive the risk is included within awareness of the risk as a matter of law.

attempted tampering, the jury needed to have found that, *inter alia,* "with the specific intent to conceal the crack pipe and the specific intent to impair the availability of the crack pipe as evidence ... the appellant did an act amounting to more than mere preparation that tended but failed to result in concealment of the crack pipe." *Thornton*, 435 S.W.3d at 300-01 (internal numbering and punctuation omitted).[3] The court of appeals reasoned that, because the indictment in this case alleged intentional *or knowing* destruction, the trial judge may not have found intentional destruction and, thus, did not necessarily find specific intent to tamper with evidence. *Rabb III*, 446 S.W.3d at 895-96.

However, while the plain language of the statute does not require a culpable mental state for the element, "alters, destroys or conceals," it nevertheless requires that the defendant act with intent to cause a specific result–to impair its availability as evidence for an investigation or proceeding. *Compare with Ex parte Smith*, 645 S.W.2d 310, 311-12 (Tex. Crim. App. 1983) (theft statute explicitly requires property be appropriated with intent to deprive the owner of the property but does not require additional mental state for the act of appropriation) and *Celis v. State*, 416 S.W.3d 419, 427 (Tex. Crim. App. 2014) (false-lawyer statute requires a culpable mental state

---

[3]Here, the statutory manner and means alleged is destroy rather than conceal, and the evidence was a baggie rather than a crack pipe.

only for intent to obtain an economic benefit, not for the elements of holding oneself out as a lawyer or lack of licensing requirements).

Specific intent is not statutorily defined. But in *Flanagan v. State*, 675 S.W.2d 734, 740-41 (Tex. Crim. App. 1982), this Court observed, "The element 'with specific intent to commit an offense' has traditionally been interpreted to mean that the actor must have the intent to bring about the desired result...." Tampering with evidence includes a specific intent requirement because it requires that altering, destroying, or concealing be done with intent to achieve the desired result of impairing the verity, legibility or availability of the evidence in the investigation or proceeding.

*Thornton* acknowledged that the tampering statute does not explicitly require a separate mental state for the act of alteration, destruction or concealment, but held that the requirement of the specific intent to impair its availability "necessarily has the effect of requiring that the actor have a concomitant intent to alter, destroy, or conceal the evidence." *Thornton,* 435 S.W.3d at 300, n. 59. It explained, "An actor could not harbor an intent to impair the availability of a piece of evidence, carry out that intent by concealment, and yet not have had a 'conscious objective' to conceal the evidence." *Id.* [4]

_____

[4]Despite the logical appeal of this statement, it may be more accurate to say, "An actor could not harbor an intent to impair the availability of a piece of evidence, carry out that intent by committing an act, and yet not have had a

The court of appeals had difficulty interpreting what it found to be inconsistencies in footnotes 59 and 60 of the *Thornton* majority with respect to whether a jury that finds concealment with intent to impair necessarily finds intent to conceal. *Rabb III*, 446 S.W.3d at 895-96. The court of appeals believed that *Thornton*'s conclusion hinged on the jury charge, which required a finding of intentional *and knowing* concealment. *Id*. In this case, the court of appeals looked to the indictment, which alleged intentional *or knowing* destruction, and determined that the trial judge *may have found* only knowing destruction and thus did not *necessarily find* intentional destruction. *Id.*

In *Thornton,* although the charge required the jury to find that the defendant intentionally and knowingly concealed the pipe, this was not the basis for its holding. *Thornton*, 425 S.W.3d at 301, n. 60. The Court made clear that it is the intent to

_____

'conscious objective' to commit the act." In other words, a defendant cannot accidentally engage in the *act* that results in alteration, concealment or destruction with intent to render it unavailable as evidence. To find that Appellant destroyed the baggie with intent to impair its availability, the judge necessarily had to believe that Appellant intentionally swallowed it. But the State need not prove that, to make the baggie unavailable, it was Appellant's conscious objective or desire that it be destroyed instead of merely concealed. If, hypothetically, the baggie had contained a large amount of heroin, we could safely assume Appellant intended that the baggie pass intact through his digestive tract, otherwise, he might die of an overdose. But if the State had proved that the baggie ruptured and destroyed the drug, and Appellant miraculously survived, the evidence would not have been insufficient to prove destruction, even though he intended concealment.

10

achieve the result, and not the intent to engage in the conduct, that demonstrates the jury's finding of specific intent to tamper with evidence. *Id*. It explained, "[E]ven if the jury had made no explicit finding vis-à-vis the appellant's specific intent to engage in an act of concealment, by finding that the appellant concealed the crack pipe with the 'intent to impair its verity, legibility, or availability as evidence,' the jury by implication necessarily found that he harbored a specific intent to conceal the pipe." *Id*.

More important, the attempt statute requires specific intent to commit the offense attempted, not specific intent as to a single element of the offense attempted. So the focus on intent with regard to the element of "destroys," is an unnecessary distraction. Appellant could have had the specific intent to commit tampering with evidence, even though he was indifferent about whether he wanted the baggie of pills to be destroyed or only concealed.

Because the trial court found that Appellant destroyed the baggie with intent to impair its availability as evidence, it necessarily found that he acted with specific intent to commit the offense of tampering with evidence. As a result, the court also found Appellant committed the offense of attempted tampering with evidence.

## III. Remedy

If this Court agrees with the State's arguments in ground one or two, the proper

remedy is to reform the judgment to attempted tampering. If this Court determines that the trial judge did not necessarily find the lesser-included offense, the proper remedy is not acquittal but remand for a retrial on the lesser. This remedy preserves the integrity of the trial judge's verdict by not foreclosing a determination he may have made.

This remedy does not implicate double jeopardy if the trial court did not decide the issue in the first trial. This situation is distinguishable from *Stephens v. State,* 806 S.W.2d 812 (Tex. Crim. App. 1990). *Stephens* held that the defendant could not be retried for rape when he had been convicted of aggravated rape, but the evidence to prove the aggravating element was later found insufficient on appeal. The Court reasoned that aggravated rape and rape are the "same" offense for double jeopardy purposes, and a defendant cannot be retried for an offense for which he has already been acquitted. *Id*. at 815-19.[5] The jury that convicted Stephens of aggravated rape necessarily found him guilty of the lesser-included offense of rape. But if the trial judge in this case did not necessarily find attempted tampering when it found Appellant guilty of tampering, there is no jeopardy bar to retrial for attempted tampering. *See Thornton*, 425 S.W.3d at 319 (Alcala, J., dissenting) (" . . . I conclude that the judgment must either be rendered and reformed to an acquittal or,

---

[5]Reformation was apparently not requested or considered during the original appeal from the aggravated rape conviction.

12

at most, remanded for a trial on criminal attempt in the interests of justice because the jury would have never passed on the question of whether the defendant acted with the specific intent to commit an offense.").

## IV. Conclusion

Reformation is the appropriate remedy in this case because, when the trial judge found guilt of tampering with evidence, he found all the elements necessary to prove attempted tampering with evidence. Generally, because criminal attempt is always a lesser-included offense of the completed offense, a verdict of guilt of the greater always includes a verdict of guilt of the lesser, even if the fact-finder did not explicitly make that finding. Specifically, with regard to the offense of tampering, a finding that Appellant destroyed the baggie with intent to impair its availability as evidence establishes specific intent to tamper with evidence. Finally, if the Court determines that when the trial judge convicted appellant of tampering with evidence, he did not necessarily find specific intent to commit the offense, the proper remedy is to remand for a new trial on attempted tampering with evidence.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals set this case for submission, reverse the Court of Appeals' judgment, and affirm the conviction.

Respectfully submitted,

/s/ Lisa C. McMinn
LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the WordPerfect word count tool this document contains 3674 words.

/s/ Lisa C. McMinn
LISA C. McMINN
State Prosecuting Attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of March, 2015, the State's Brief on the Merits was served electronically on:

Greg Gray
The Gray Law Firm, PLLC,
1012 Ridge Road,
Rockwall, Texas 75087
ggray@ggraylawfirm.com

Jeffrey Shell
Assistant District Attorney
Rockwall County Courthouse
1111 E. Yellowjacket Lane, Suite 201
Rockwall, TX   75087
jshell@rockwallcountytexas.com

/s/ Lisa C. McMinn
LISA C. McMINN
State Prosecuting Attorney