

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1472-14

**RICHARD LEE RABB, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### ROCKWALL COUNTY

MEYERS, J., delivered the opinion of the Court in which KELLER, P.J., and KEASLER, HERVEY, ALCALA, RICHARDSON, and NEWELL, JJ., joined. YEARY, J., concurred. JOHNSON, J., dissented.

### O P I N I O N

Appellant was charged with the offense of tampering with evidence by destruction. At trial, the court found Appellant guilty and sentenced him to six years' imprisonment. Appellant appealed, asserting that the evidence was legally insufficient to support his conviction and the court of appeals agreed. *Rabb v. State*, 387 S.W.3d 67, 73 (Tex. App. – Amarillo Oct. 31, 2012). The State then filed a petition for discretionary review, which we

granted in order to consider whether the court of appeals erred in holding that the evidence was legally insufficient. We agreed with the court of appeals' decision, but remanded the case to the court of appeals to have it determine whether Appellant's conviction should be reformed to a conviction on the lesser-included offense of attempted tampering with evidence under *Thornton v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014). *Rabb v. State*, 434 S.W.3d 613, 618 (Tex. Crim. App. 2014). The court of appeals found that it could not reform Appellant's conviction because he lacked the specific intent to destroy the evidence. *Rabb v. State*, 446 S.W.3d 892, 895 (Tex. App. – Amarillo Oct. 8, 2014). The State filed a petition for discretionary review, which we granted in order to consider whether the court of appeals erred in its application of *Thornton* and in choosing not to reform the judgment to the lesser-included offense of attempted tampering with evidence.

## BACKGROUND

Appellant was stopped by police officers at a Walmart store as part of a robbery investigation and consented to being searched. While being searched, Appellant pulled a small plastic baggie out of his pocket, hid it in his hand, and, when noticed by investigators, put the baggie in his mouth and swallowed it before the investigating officers could see what it contained. Appellant later told a medic that the baggie contained pills. No one ever made an attempt to recover the baggie or the pills.[1] The State charged Appellant with tampering with evidence, with the indictment stating that the Appellant "knowing that an investigation

---

[1]For a more complete version of the underlying facts of this offense, see *Rabb v. State*, 434 S.W.3d 613, 614-16.

was in progress, to-wit: theft, intentionally or knowingly destroy[ed] a plastic baggie with intent to impair its availability as evidence in the investigation." Appellant was then convicted in a bench trial and sentenced to six years of confinement.

On appeal, Appellant argued that the evidence presented was insufficient to prove that he destroyed the baggie. The court of appeals agreed, reversed the judgment of the trial court, and entered an acquittal. *Rabb v. State*, 387 S.W.3d 67, 73 (Tex. App. – Amarillo 2012). The State appealed to this Court, arguing that it was reasonable for the factfinder to infer that the baggie was destroyed in Appellant's digestive tract. We concluded that, because no evidence was presented that would allow the factfinder to reasonably make this inference, the court of appeals was correct and the evidence was insufficient to uphold Appellant's conviction. *Rabb,* 434 S.W.3d at 617-18. However, we remanded the case back to the court of appeals to decide whether the judgment needed to be reformed to reflect a conviction of the lesser-included offense, attempted tampering, in light of the recent *Thornton* decision, which mandates reformation when: 1) in the course of convicting the appellant of the greater offense, the jury necessarily also found every element necessary to convict the appellant of the lesser-included offense; and 2) there is sufficient evidence to support a conviction for the lesser-included offense. *Id*. at 618.

On remand, the court of appeals applied the *Thornton* analysis and held that, because the second element of attempted tampering–the specific intent to destroy the baggie–was not necessarily found by the factfinder, the judgment could not be reformed. *Rabb v. State*, 446

S.W.3d 892, 896 (Tex. App. – Amarillo 2014). The court of appeals reasoned that, because the indictment alleged knowing *or* intentional destruction, the factfinder did not necessarily find that Appellant had intentionally, rather than knowingly, destroyed the baggie. The court of appeals came to this conclusion after examining *Thornton*, in which we ordered a judgment to be reformed to a conviction for attempted tampering because the jury charge required the jury to have found, beyond a reasonable doubt, that Thornton "intentionally and knowingly concealed physical evidence." The *Thornton* opinion also asserted, in a footnote, that the requirement of intent to impair the item's availability as evidence necessarily also requires that the actor have a "concomitant intent to alter, destroy, or conceal the evidence." 425 S.W.3d at 300 n.59. The court of appeals in this case discussed both of these rationales and ultimately held that, because there was no jury charge and the indictment alleged that Appellant "intentionally or knowingly" destroyed the evidence, the trial court did not necessarily determine that Appellant acted with any specific intent to destroy the baggie containing the pills, and no rationale would allow it to conclude otherwise. *Rabb*, 446 S.W.3d at 895-96. Therefore, the answer to the first question of the *Thornton* analysis was "no," and the judgment could not be reformed. *Id*. at 896.

We granted the State's petition for discretionary review to consider whether the court of appeals correctly applied the *Thornton* analysis. Specifically, we granted review on the following grounds:

> (1) Because the legislature has determined that criminal attempt is a lesser-included offense of the completed offense, does a jury that finds guilt of the

completed offense "necessarily find" guilt of attempt?
(2) When the fact-finder determines that the defendant committed an act "with intent to [cause a specific result]," does it necessarily find that he intended to commit the act?
(3) What is the remedy for insufficient evidence of the charged offense when the evidence was sufficient to prove a lesser included offense but the record does not indicate that the fact-finder affirmatively found the lesser-included offense?

Although these questions are framed broadly, we will be addressing each only as it relates specifically to this case.

## ARGUMENTS OF THE PARTIES

### *State's Argument*

The State first asserts that, as a matter of law, attempt of an offense will always be found when there is a guilty verdict on the completed offense. It points to Article 37.09(4) of the Texas Code of Criminal Procedure which states, "An offense is a lesser included offense if ... it consists of an attempt to commit the offense charged or an otherwise included offense." The State also states that this Court has previously determined that a jury that finds guilt as to a charged offense necessarily finds guilt as to all of the lesser offenses. *Wasylina v. State*, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009); *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014). The State also considers *Gonzales v. State*, 532 S.W.2d 343 (Tex. Crim. App. 1976), in which we determined that, because attempt requires specific intent and the culpable mental state for involuntary manslaughter is recklessness, attempted involuntary manslaughter does not exist. The State argues that this case is not instructive because it does not address whether an offense is included within another, and Appellant is not arguing that

attempted tampering with evidence does not exist.

The State next argues that, even if attempt cannot be applied to all offenses, it applies to those that require specific intent. It contends that, when a factfinder convicts a defendant of an offense that requires an act to be committed with intent to cause a specific result, the factfinder necessarily finds specific intent to commit the offense. The State cites to the discussion in *Thornton* to support this idea and also asserts that the court of appeals erred in reasoning that the decision in *Thornton* hinged on the jury charge. Rather, the State says, it is the intent to achieve the result, and not the intent to engage in the conduct, that demonstrates the jury's finding of specific intent to tamper with evidence. The State also argues that the attempt statute requires specific intent to commit the offense, not the specific intent as to a single element of the offense and, therefore, Appellant needed only to have the specific intent to tamper with the evidence, regardless of whether he wanted it destroyed or concealed.

Finally, the State believes that, if we should agree with Appellant that the conviction cannot be reformed to attempted tampering with evidence, the proper remedy is retrial on the lesser-included offense rather than an acquittal. This remedy, the State argues, does not implicate double jeopardy because if the trial court did not necessarily find attempted tampering, then it never decided the issue in the trial and there is no bar.

### Appellant's Argument

Appellant states that the crux of this case lies in the indictment. Contrary to the State's

position, he argues that attempt is not always found when there is a guilty verdict on the completed offense, and each case must be evaluated with the test set forth in *Thornton*. Furthermore, Appellant argues that this Court did not remand this case to the court of appeals for it to decide if attempted tampering is a lesser-included offense of tampering, but rather whether the State proved the elements of attempted tampering by destruction and the judgment should be reformed under the *Thornton* analysis.

Appellant contends that the State's argument that criminal attempt applies to all offenses requiring specific intent actually results in the elimination of due process. Under the State's theory, Appellant argues, he could be convicted of attempted tampering regardless of what criminal act was used to do so, even though only destruction was pled, which would mean that there is no longer a requirement to prove each element alleged when considering the lesser-included offense. Rather, Appellant asserts, because the legislature set out three different ways tampering can be committed, and the State alleged only one, it needed to prove that Appellant had the specific intent to destroy the evidence in order for Appellant's conviction to be validly reformed.

Finally, Appellant argues that his due-process rights would be violated if the judgment were to be reformed. He contends that, if this Court reforms the judgment, it would be the equivalent to reforming the indictment after the case was tried. Furthermore, Appellant argues that remanding the case for a retrial would be a double-jeopardy violation because he has already been tried for the greater offense.

**THORNTON**

In *Thornton*, this Court examined an issue similar to the one before us today. There, the appellant had been convicted by a jury of tampering with evidence by concealment for taking a crack pipe out of his pocket and dropping it on the ground in front of two police officers. 425 S.W.3d at 292. The court of appeals then held that the evidence of concealment was insufficient to support the conviction because, at all times during the incident, at least one of the officers knew of the crack pipe's presence. *Id*. This Court then granted the State's petition for discretionary review and, without considering the issue of the sufficiency of the evidence, simply remanded the case to the court of appeals to consider reforming the conviction to *attempted* tampering with evidence in light of the recent decision in *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012). *Id*. The court of appeals declined to reform the judgment, and this Court again granted review. *Id*.

The Court first addressed whether the State's failure to request the lesser-included-offense instruction in the jury charge caused it to lose the right to request reformation of the conviction. *Id*. at 295. This Court determined that, where reformation is an appropriate remedy, "it should be applied regardless of whether either party requested or contested–or whether the jury was actually given–an instruction on the lesser-included offense at trial." *Id*. at 297.

Our opinion in *Thornton* next discussed *Bowen v. State* and whether it limited reformation of a conviction only to those cases where the evidence of an "aggravating

element," rather than an "essential element," was found to be insufficient. *Id*. at 297-98. This Court reasoned that the type of acquittal that was avoided in *Bowen*–one based only on insufficient evidence of an aggravating element–would be no more unjust than an acquittal in a case in which there was, instead, insufficient evidence of an essential element but the jury necessarily found every element of the lesser-included offense. *Id*. at 298-99. Therefore, we concluded that reformation of a conviction is required where 1) the jury necessarily found every element needed to convict the appellant of the lesser-included offense and 2) the evidence that was presented at the appellant's trial is sufficient to support a conviction on that lesser-included offense. *Id*. at 299-300.

Finally, we turned to the application of this concept to Thornton's case, first asking whether the jury necessarily found all of the elements of attempted tampering with evidence by concealment, which we enumerated as: "1) knowing that an offense had been committed, and with 2) the specific intent to conceal the crack pipe, and 3) the specific intent to impair the availability of the crack pipe as evidence in a later investigation or proceeding, the appellant 4) did an act amounting to more than mere preparation that 5) tended but failed to result in concealment of the crack pipe." *Id*. at 300-01. At this point, in a footnote, we addressed the second element and how the tampering with evidence by concealment statute does not seem to require that the actor *intend* to conceal the evidence. *Id*. at 301 n.59. If true, this would mean that a jury that finds guilt to the completed offense would not necessarily have found guilt on the attempt because they did not necessarily find the specific intent to

conceal. However, we concluded that the phrasing of the statute required that the actor have a concomitant intent to alter, destroy, or conceal because "an actor could not harbor an intent to impair the availability of the evidence, carry out that intent by means of concealment, and yet not have had a 'conscious objective' to conceal the evidence." *Id*. In addition to this rationale, we asserted that, because the jury charge instructed the jury to find Thornton guilty if, in part, they found that he *intentionally and knowingly* concealed physical evidence, the jury did agree, by rendering the guilty verdict, that he had intentionally concealed the evidence. *Id*. at 301 n.60.

With these comments, we easily determined that the first four elements of the offense were found by the jury, and then turned to consider the last element–that Thornton's actions had "tended but failed to result in concealment of the crack pipe." *Id*. at 301-02. We noted that under Section 15.01(c) of the Texas Penal Code, the fact that the offense was actually committed is not a defense to prosecution for attempt of that offense, and therefore, "the jury's finding of actual commission subsumes a finding that the appellant's conduct 'tend[ed] but fail[ed]' to effect the commission of tampering with evidence." *Id*. at 302. We held, therefore, that the jury did necessarily find all of the elements of attempted tampering in this case.

Finally, we considered whether the evidence presented at Thornton's trial was sufficient to show attempted tampering. We determined that, because evidence was presented that Thornton took the pipe out of his pocket "stealthily" and he "palmed" the pipe as he

removed it from his pocket, and that it was reasonable for the jury to infer that Thornton believed the pipe to be concealable, there was sufficient evidence to support a jury finding that he had the specific intent to conceal the pipe. *Id*. at 304-07. With these conclusions, we reversed the court of appeals and remanded the case to the trial to reform the judgment against Thornton to reflect a conviction of attempted tampering with evidence. *Id*. at 307.

**ANALYSIS**

As discussed, the issue presented in this case is extremely similar to that which appeared in *Thornton*, and *Thornton*, as established precedent, is instructive to our decision today. We made clear in *Thornton* that the first step in the analysis when deciding whether to reform a judgment is determining whether, in the course of convicting the appellant of the greater offense, the jury necessarily found every element necessary to convict the appellant for the lesser-included offense. *Id*. at 300. And as demonstrated in *Thornton*, irrespective of TEX. CODE CRIM. PROC. art. 37.09(4) stating that criminal attempt is a lesser-included offense of a completed offense, analysis of this question should be undertaken in every case. Although we ultimately conclude in this case that the jury did necessarily find the elements of attempted tampering with evidence, this may not be the case with other offenses that require only a reckless mental state. *See Gonzales v. State*, 532 S.W.2d 343 (Tex. Crim. App. 1976). Therefore, as to the State's first issue, we hold that, although it may be uncommon, a jury does not "necessarily find" guilt of attempt when it convicts on the completed offense, and the full analysis of the issue must be undertaken when considering reformation of a

conviction.

In this case, for the first prong of the *Thornton* reformation analysis to be met, the factfinder must necessarily have found that, 1) knowing that an offense had been committed, and 2) with specific intent to destroy the baggie, and 3) with specific intent to impair the availability of the baggie as evidence, 4) Appellant did an act amounting to more that mere preparation that 5) tended but failed to result in destruction of the baggie. In finding Appellant guilty of completed destruction of evidence, we can easily conclude–much like the court of appeals–that the trial judge must have found elements one, three, four, and five. *See id.* at 301-02.

In examining the second element of attempted tampering, we again refer to *Thornton*. Although Appellant argues that the issue hinges on the wording of the indictment, we disagree. As noted in *Thornton*,

> [E]ven if the jury had made no explicit finding *vis-à-vis* the appellant's specific intent to engage in an act of concealment, by finding that the appellant concealed the crack pipe with the "intent to impair its verity, legibility, or availability as evidence," the jury by implication *necessarily* found that he harbored a specific intent to conceal the pipe. . . . To hold otherwise would require us to subscribe to the inconsistent notions that the jury 1) believed that the appellant intended to impair the crack pipe's availability as evidence, 2) believed that he intended to conceal the crack pipe, and yet 3) harbored some implicit doubt about whether he specifically intended to commit the crime of tampering with evidence.

*Id*. at 301 n.60. Because Appellant was tried and convicted in a bench trial, there was no jury charge in his case–only an indictment, which alleged "intentional or knowing" destruction of evidence. While these mental states alleged in the indictment appear to have allowed the

judge to find either knowing or intentional destruction, we have already determined that, by concluding that Appellant harbored the intent to impair the evidence's use, the judge necessarily also concluded that Appellant had the specific intent to conceal the baggie. *Id*. Therefore, we conclude that the factfinder in this case did necessarily find all of the elements necessary to convict Appellant of attempted tampering with evidence. We are not, however, making the broad holding that in every case where the factfinder determines that the defendant had intent to cause a specific result, it necessarily also found that the defendant intended to commit the act, as the State invites us to. We are confirming our analysis in *Thornton* with respect to specific intent and attempted tampering with evidence and applying it to the case at hand.

Because the court of appeals concluded that the trial judge did not necessarily find every element necessary to convict Appellant of attempted tampering, it never reached the second prong of the *Thornton* analysis–whether the evidence was sufficient to support such a conviction. *Rabb*, 446 S.W.3d at 896. Therefore, after two previous remands and in the interest of judicial economy, we will consider it now. *Davison v. State*, 405 S.W.3d 682, 691-92 (Tex. Crim. App. 2013) ("[W]hen the proper resolution of the remaining issue is clear, we will sometimes dispose of the case in the name of judicial economy.").

In analyzing this prong, we must determine whether a rational trier of fact could have found all of the elements of attempted tampering beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319,

99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). The evidence that was presented to the court included the security video footage of the officers' encounter with Appellant (which showed the officers speaking with him, him putting the baggie in his mouth, and then officers restraining and tasing him), testimony from the officers that they explained to Appellant that he was being questioned because of his step-brother's theft, and the medical report that stated that Appellant had told the medic the baggie contained pills. We find that this evidence is legally sufficient to support a conviction of Appellant for attempted tampering with evidence by destruction.

The testimony of the officers that they informed Appellant of the reason they were questioning him–an investigation into theft from the store–is sufficient to prove the first element–that Appellant knew that an offense had been committed. It is of no consequence that the baggie of pills was not related to the theft investigation, so long as Appellant intended to impair the baggie's availability in an investigation he knew was in progress. There is no requirement that the title of the investigation and evidence that was destroyed or concealed match. *Williams v. State,* 270 S.W.3d 140, 144-45 (Tex. Crim. App. 2008). For the second element, while there may be no direct evidence that Appellant actually intended to destroy rather than conceal the baggie, the swallowing of the baggie makes intended destruction a reasonable inference for the factfinder to make. *Laster v. State*, 275 S.W.3d 512, 523 (Tex. Crim. App. 2009) ("[A]s long as the verdict is supported by a reasonable inference, it is within the province of the factfinder to choose which inference is most

reasonable."). We previously held that there was insufficient evidence presented at Appellant's trial to demonstrate that the baggie had been destroyed. What we are now examining differs, however, because we are determining only whether it was reasonable for a factfinder to conclude that Appellant intended to destroy the baggie. As it is common knowledge that what an individual eats *might* be destroyed in the stomach, it was reasonable for the factfinder to infer that destruction was what Appellant intended. It is also reasonable for the factfinder to have concluded that Appellant intended to impair the baggie's use as evidence because he did not swallow it until he was being patted down by officers, which satisfies the third element. *See Thornton*, 425 S.W.3d at 306 n.85. As to the fourth and fifth elements, the swallowing of the baggie was an act that could tend to destroy it and could result in progress toward the destruction of it, regardless of whether destruction was achieved. Further, the act of swallowing the baggie would have been the "last proximate act" one would take if intending to destroy it and thus, that act crossed the line to go beyond mere preparation. *See McCravy v. State*, 642 S.W.2d 450, 459-60 (Tex. Crim. App. 1980) (op. On State's motion for reh'g). We hold, therefore, that the factfinder could reasonably conclude that Appellant's acts amounted to more than "mere preparation," and "tended but failed" to destroy the baggie. As discussed, the fact that the destruction of the baggie may have been completed is not a defense to the prosecution for attempted destruction. TEX. PENAL CODE § 15.01(c). It is for these reasons that we conclude that the evidence is sufficient for Appellant to have been convicted of attempted tampering with evidence and that the second

prong of the *Thornton* reformation analysis is met.

## CONCLUSION

For the foregoing reasons, we disagree with the court of appeals that the factfinder in this case did not necessarily find every element necessary to convict Appellant of attempted tampering with evidence. We also conclude that the evidence presented at the bench trial was sufficient to support a conviction of attempted tampering. With the two prongs of the *Thornton* reformation analysis satisfied, reformation of the conviction is mandated. Therefore, we reverse the decision of the court of appeals and order the trial court to reform Appellant's judgment to reflect a conviction of attempted tampering with evidence and to conduct a new punishment hearing based on this reformed conviction.

Meyers, J.

Delivered: February 10, 2016

Publish