**In No. 14-17-00580-CR: Motion for Rehearing Denied; Motion for En Banc Reconsideration Dismissed as Moot; In No. 14-17-00581-CR: Motion for Rehearing Dismissed as Moot; Motion for En Banc Reconsideration Dismissed as Moot; and Supplemental Majority Opinion on Rehearing filed October 24, 2019.**



In the

# Fourteenth Court of Appeals

NO. 14-17-00580-CR
NO. 14-17-00581-CR

**CHARLES ROBERT RANSIER, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 207th District Court**
**Comal County, Texas**
**Trial Court Cause No. CR2016-303 & CR2017-004**

## SUPPLEMENTAL MAJORITY OPINION ON REHEARING

The State filed a motion for rehearing in which it contends that even if Trooper Kral broke the needle, appellant is criminally responsible under the law of the parties, Penal Code sections 7.01 and 7.02, or as a "but for" or concurrent cause

under Penal Code section 6.04. The State also filed a substantially similar motion for en banc reconsideration. The State contends, "The majority did not consider that principles of causation in the Texas Penal Code—and case law based on those provisions—precluded Appellant from demonstrating that he was 'guilty only' of an *attempt* to break the needle."

In appellate cause no. 14-17-00580-CR, appellant's tampering case, the court grants rehearing and issues this supplemental opinion to clarify its original opinion, but the court denies the State's requested relief.[1] The court dismisses the State's motion for en banc reconsideration as moot without prejudice to filing a motion for en banc reconsideration in light of this supplemental opinion.

In appellate cause no. 14-17-00581-CR, appellant's possession case, on its own motion, the court dismisses the motion for rehearing and the motion for en banc reconsideration as moot because the State does not seek any relief in this case.

To convict appellant of tampering under the law of parties, the jury had to determine that appellant was criminally responsible for the acts of another. Tex. Penal Code Ann. § 7.01(a). Relevant here, a person is criminally responsible for an offense committed by another if "acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense." *Id.* at § 7.02(a)(1).

To convict appellant of tampering based on the existence of a concurrent cause, two possible combinations exist to satisfy the "but for" causation requirement: (1) the defendant's conduct may be sufficient by itself to have caused the harm, regardless of the existence of a concurrent cause; or (2) the defendant's conduct and the other cause together may be sufficient to have caused the harm. *Robbins v. State*,

---

[1] Justice Jewell dissents without opinion to the denial of relief on rehearing.

717 S.W.2d 348, 351 (Tex. Crim. App. 1986). But if the concurrent cause is clearly sufficient, by itself, to produce the result and the defendant's conduct, by itself, is clearly insufficient, then the defendant cannot be convicted. *Id.* Concurrent cause is for the jury to decide. *Wooten v. State*, 267 S.W.3d 289, 295 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

Nowhere in the majority opinion did we conclude that Kral broke the needle. We recited the facts that Kral grabbed appellant by the shoulder and forced him out of the truck, and appellant fell to the ground. We also explained that on the ground, appellant still held the syringe, but tried to throw it aside. The syringe landed about two feet from appellant. Kral testified that he could not determine whether appellant's falling to the ground after Kral threw him to the ground caused the needle to break off. We concluded a rational jury could have inferred that the syringe was broken by the fall. We stated that any breakage following the struggle was incidental to the struggle and at least arguably involuntary as to appellant.

Tampering with evidence requires specific intent. *Rabb v. State*, 483 S.W.3d 16, 21 (Tex. Crim. App. 2016); *Thornton v. State*, 425 S.W.3d 289, 300 n.59 (Tex. Crim. App. 2014). The intent must accompany the action. *Rabb*, 483 S.W.3d at 21; *Thornton*, 425 S.W.3d at 300 n.59. Many of the cases the State cites in support of its causation arguments are sufficiency cases, but we do not apply sufficiency standards to our analysis. *See Ritcherson v. State*, 568 S.W.3d 667, 676 (Tex. Crim. App. 2018). Perhaps a rational jury could have concluded appellant acted with the kind of culpability required for tampering and at the same time appellant caused Kral to pull him out of the truck, resulting in a fall which broke the syringe. However, a rational jury may have also reasonably inferred the opposite conclusion: that although appellant had specific intent to break the syringe before Kral pulled him out of appellant's truck, Kral's pulling him out of the truck and onto the ground disrupted

3

appellant's commission of the offense. *See Goad v. State*, 354 S.W.3d 443, 449 (Tex. Crim. App. 2011) ("[E]ven if one could not logically deduce from this evidence that Goad must have lacked intent to commit theft, that is not the proper standard of our analysis."). Although a jury could have rationally concluded that appellant's conduct and the fall together caused the syringe to break, a jury could have also rationally concluded that the fall itself broke the syringe and appellant's efforts to break the syringe failed. A jury also could have rationally inferred that Kral did not know how, when, or if appellant broke the syringe from the fact that Kral could not determine whether appellant's falling to the ground caused the needle to break off.

The other cases cited by the State are also distinguishable. *Miers v. State* was not a case involving tampering, attempted tampering, or a request for a jury instruction on a lesser-included offense. 251 S.W.2d 404 (Tex. Crim. App. 1952). Miers was convicted of murder. *Id.* at 405. At trial, he argued that the deceased had accidentally shot himself during a scuffle after wresting the gun from Miers who had entered a filling station to commit robbery. *Id.* at 407. On appeal, Miers complained that the trial court did not include in the charge the defense that Miers did not fire the shot that killed the deceased. *Id.* The Court of Criminal Appeals held that the trial court did not err and this was no defense because Miers set in motion the cause which occasioned the death of deceased. *Id.* at 408.

The only case the State cited involving a denied request for a charge on a lesser-included offense, *Dowden v. State*, 758 S.W.2d 264 (Tex. Crim. App. 1988), is cited by the State for its analysis of Dowden's separate sufficiency challenge. However, the court's analysis of the charge issue is also distinguishable. The evidence in *Dowden* showed that Dowden took guns to a police station at 4:00 a.m. in the morning to help his brother escape from jail. *Id.* at 267. Dowden pointed an automatic pistol at police officers and declared, "I have come to get Charles." *Id.* An

4

exchange of gunfire ensued between Dowden and officers, and one officer accidentally shot the police captain. *Id.* at 267–68. Dowden was convicted of the murder of the captain. *Id.* at 266. On appeal, Dowden complained that the trial court refused to charge the jury on the lesser-included offenses of aggravated assault, criminally negligent homicide, and involuntary manslaughter. *Id.* at 268. The Court of Criminal Appeals concluded there was no evidence that appellant was guilty of the lesser included offenses. *Id.* at 268–72. The court explained the lesser-included offenses required evidence of a lesser culpable mental state—that Dowden failed to perceive the risk surrounding his conduct. *Id.* at 269–72. The court held that Dowden was not entitled to charges on the lesser-included offenses because none of the evidence indicated appellant was not aware of the risk involved in entering a police station with a loaded gun. *Id.* at 269. "The resulting death would not have occurred but for appellant's intentional conduct." *Id.* The court emphasized that the actions of Dowden were all voluntary and there was no evidence that appellant was acting merely recklessly or with criminal negligence. *Id.* at 271.

Unlike *Miers* or *Dowden*, in which the defendants were or should have been aware that their actions created a substantial risk that someone might be injured or killed, appellant may not have anticipated that Kral's attempt to stop him from breaking the syringe would cause the syringe to break. And unlike criminal negligence or involuntary manslaughter, attempted tampering does not require a lesser culpable mental state. A jury could conclude appellant was guilty of attempted tampering if it found appellant had the specific intent to break the syringe but failed to do so. Tex. Penal Code Ann. § 15.01(a).

Moreover, the Court of Criminal Appeals reviews tampering cases in a much different manner than murder cases. Recent Court of Criminal Appeals cases addressing sufficiency challenges to tampering convictions have held the

5

convictions were not supported by the evidence. *See Rabb*, 483 S.W.3d at 22–24 (evidence insufficient to prove tampering by swallowing baggie of drugs but sufficient to prove attempted tampering); *Thornton*, 425 S.W.3d at 293–94, 303–07 (dropping crack pipe was insufficient to prove tampering, but sufficient to prove attempted tampering); *Rabb v. State*, 434 S.W.3d 613, 617–18 (Tex. Crim. App. 2014) (swallowing plastic bag was insufficient to prove destroying evidence, case remanded for consideration of attempted tampering).

For all these reasons, the State's causation arguments do not preclude us from concluding that more than a scintilla of evidence exists from which a jury could conclude appellant was "guilty only" of attempted tampering. The remainder of the State's arguments on rehearing were adequately addressed by the majority's opinion, and we do not address them here. The State's requested relief on rehearing is denied.


/s/    Charles A. Spain
Justice


Panel consists of Justices Jewell, Zimmerer, and Spain. (Jewell, J., dissenting.)

Publish — TEX. R. APP. P. 47.2(b).