

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00363-CR

**BRIAN CHRISTOPHER REED,**

                                                     **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                     **Appellee**

---

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 14-01090-CRF-361**

---

## MEMORANDUM OPINION ON REMAND

Brian Christopher Reed was convicted of the lesser included offense of attempted sexual assault and sentenced to prison for 3 years and 6 months. On Reed's initial appeal, a majority of this Court sustained Reed's first issue and reversed and remanded the case to the trial court for a new trial. *See Reed v. State*, 608 S.W.3d 856 (Tex. App.—Waco 2020). On the State's petition for discretionary review, the Court of Criminal Appeals reversed this Court, overruled Reed's first issue, and remanded the appeal to this Court to consider Reed's remaining issues. *See Reed v. State*, 680 S.W.3d 620 (Tex. Crim. App. 2023). Because

the evidence is sufficient to support the conviction and because Reed was not egregiously harmed if the trial court erred in failing to properly instruct the jury on the unanimity of its verdict, the trial court's judgment is affirmed.

SUFFICIENCY OF THE EVIDENCE

In his second issue, Reed admits that although there was evidence that he penetrated M.K.'s sexual organ with his sexual organ, there was no evidence that he attempted to do so but failed. Thus, his argument continues, the evidence to support the lesser included offense of attempted sexual assault by the penetration of M.K.'s sexual organ with his sexual organ is insufficient.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex.

Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A person commits criminal attempt if, with the specific intent to commit an offense, he does an act which amounts to more than mere preparation, but fails to commit the offense he intended. TEX. PENAL CODE ANN. § 15.01(a). However, under (c) of the same section, "[i]t is no defense to prosecution for criminal attempt that the offense attempted was actually committed." *Id*. § 15.01(c). The jury was charged under both (a) and (c) of section 15.01.

We agree there is evidence that Reed penetrated M.K.'s sexual organ with his sexual organ. The evidence showed that after a night of heavy drinking to celebrate her birthday, M.K. woke up to having a stranger, later identified as Reed, on top of her in her bed. She pushed him off of her, screamed, and left the room. M.K.'s roommate came into the room and saw Reed sitting on the bed, naked. He told the roommate he was sorry. She told him to get out of the house. M.K. reported to police and a SANE nurse that Reed's penis was inside her. Reed admitted that his penis may have entered M.K's vagina.

But simply because the State may have proved a completed offense does not mean the evidence is insufficient to support a conviction for the attempted offense. *See Thornton*

*v. State*, 425 S.W.3d 289, 302 and n.63 (Tex. Crim. App. 2014). *See also Rabb v. State*, 483 S.W.3d 16, 24 (Tex. Crim. App. 2016); *Harper v. State*, No. 05-19-00323-CR, 2020 Tex. App. LEXIS 5464, at *13 (Tex. App.—Dallas July 16, 2020, no pet.) (not designated for publication) ("A person may be guilty of criminal attempt even if the offense intended was actually committed."). According to the Court of Criminal Appeals, by enacting (c) of section 15.01, "the Legislature seems to have sought to avoid what it perceived to be an injustice: that of a defendant evading liability for criminal attempt based solely on the State's proof of something greater than a mere attempt—success." *Thornton*, 425 S.W.3d at 302 n.63. Consequently, based on the evidence of penetration in this case, the evidence is sufficient to support the conviction for attempted sexual assault.

Nevertheless, there is also evidence that Reed did an act which amounted to more than mere preparation, but failed in committing the intended offense of sexual assault by penetrating M.K.'s sexual organ with his sexual organ. As noted previously, the evidence shows M.K. woke up in her bed with Reed on top of her and pushed him off of her. In addition to reporting to police and a SANE nurse that Reed's penis was inside her, M.K. reported to police that Reed *tried* to have sex with her. Reed denied placing his penis in M.K.'s vagina but admitted to rubbing his penis on M.K.'s vagina. Because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony, the jurors could have believed that Reed rubbed his penis on M.K.'s vagina and that any penetration was thwarted by M.K. waking up and pushing him off of her.

Accordingly, when viewed in the light most favorable to the jury's verdict, the

evidence is sufficient to prove attempted sexual assault. Reed's second issue is overruled.

**UNANIMITY INSTRUCTION**

In his third issue, Reed contends the trial court erred in failing to properly instruct the jury on unanimity in reaching a verdict and Reed was egregiously harmed by the court's failure. Reed argues that because evidence was admitted regarding a different act of sexual assault (his mouth to her sexual organ) along with evidence of the charged act of sexual assault (his sexual organ to her sexual organ), the trial court was required to charge the jury that they must be unanimous as to what act was proved. Because the trial court did not so instruct the jury, Reed's argument continues, Reed was harmed.

A defendant in a criminal trial in Texas has the right to a unanimous jury verdict on each element of the charged offense. TEX. CONST. art. V § 13; *French v. State*, 563 S.W.3d 228, 233 (Tex. Crim. App. 2018). This means that the jury must "agree upon a single and discrete incident that would constitute the commission of the offense alleged." *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011) (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). A jury charge which allows for a non-unanimous verdict concerning what specific criminal act the defendant committed is error. *Ngo v. State*, 175 S.W.3d 738, 748 (Tex. Crim. App. 2005).

Assuming without deciding the trial court erred, and since Reed agrees he did not object to the charge, we must determine if Reed was egregiously harmed. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Reed v. State*, 680 S.W.3d 620, 626 (Tex.

Crim. App. 2023).  To obtain a reversal for jury charge error, the appellant must have suffered actual harm and not merely theoretical harm.  *Id*.  In determining whether charge error resulted in egregious harm, we consider:  (1) the entire jury charge; (2) the state of the evidence; (3) the arguments of the parties; and (4) any other relevant information revealed by the trial court record as a whole.  *See id*.

*Entire Jury Charge*

The indictment charged Reed with one offense, alleging only one act:

intentionally or knowingly cause the penetration of the sexual organ of M.K. by defendant's sexual organ,

The application paragraph for the charged offense instructed:

Now, if you find from the evidence beyond a reasonable doubt that in Brazos County, Texas, on or about October 3, 2013, the Defendant, BRIAN REED, did then and there intentionally or knowingly cause the penetration of the sexual organ of M.K. by the Defendant's sexual organ, without the consent of M.K., then you will find the Defendant guilty as charged in the indictment.

Regarding the application paragraph for attempted sexual assault, the Court of Criminal Appeals noted in its review this Court's disposition of the first issue in this case:

What we do find significant is the fact that the application paragraph for the charged offense ended with:

you will find the Defendant "not guilty" of Sexual Assault and go on to consider the lesser-included offense of Attempted Sexual Assault[,]

and the application paragraph for the attempted sexual assault lesser-included offense began with:

bearing in mind the foregoing instructions[.]

We generally presume that the jury followed the trial court's instructions.

*Allison v. State*, 666 S.W.3d 750, 765 (Tex. Crim. App. 2023); *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005) ("On appeal, we generally presume the jury follows the trial court's instructions in the manner presented."). Thus we presume that the jury, in "finding [Appellant] 'not guilty' of Sexual Assault . . . [went] on to consider the lesser-included offense of Attempted Sexual Assault," and in so considering, "[bore] in mind the foregoing instructions." While the abstract definition of "Sexual Assault" was in an earlier part of the charge and thus literally part of "the foregoing instructions," the application paragraph for the charged offense—including its sexual organ limitation—was the immediately preceding instruction that the jury had just moved on from. It is more likely that the jury, following the instruction to "bear[] in mind the foregoing instructions," understood "Sexual Assault" to mean the charged offense that it had just acquitted Appellant of.

*Reed v. State*, 680 S.W.3d 620, 627 (Tex. Crim. App. 2023).

We agree with the Court of Criminal Appeals' analysis of the jury's likely understanding of the application paragraph for the lesser included offense of attempted sexual assault and conclude the jury would not have thought that Reed's admitted oral sex performed on M.K. was to be weighed in determining whether Reed committed the offense of attempted sexual assault. Thus, considering the entire jury charge, we find it does not weigh in favor of egregious harm with regard to the lack of an alleged proper unanimity instruction.

### *State of the Evidence*

Also noted by the Court of Criminal Appeals in its previous review of Reed's first issue in this case:

> While the jury heard a version of events where Appellant used his sexual organ as alleged in the indictment and the jury saw an exhibit that would tend to support that account, the jury also heard a version of events where Appellant used his mouth…. On the other hand, Appellant was convicted of attempted sexual assault, and the jury did not hear evidence that he only tried to use his mouth.

*Reed v. State*, 680 S.W.3d 620, 629 (Tex. Crim. App. 2023).

We agree with the Court of Criminal Appeals' summary and analysis of the state of the evidence and also find that it weighs neither for nor against a finding of egregious harm regarding the lack of an alleged proper unanimity instruction. *See id.*

*Argument of the Parties*

There were no references to Reed's claim that he only performed oral sex on M.K., and neither side argued that Reed penetrated, or even attempted to penetrate, M.K.'s sexual organ by any other means than with his own sexual organ. Moreover, Reed's counsel expressly argued that "attempted sexual assault would mean that [Reed] attempted to stick his penis in her vagina and was not successful. That's what that would mean." Thus, the lack of an alleged proper unanimity instruction had no impact on the arguments of the parties, and this factor weighs against a finding of egregious harm.

*Other Relevant Information*

The trial court told the jury before voir dire began that they were required to find only the elements of the offense beyond a reasonable doubt, nothing else. Defense counsel told the jury during his voir dire what the elements in this case were: that Reed "intentionally or knowingly caused his sexual organ to penetrate the sexual organ of the alleged victim. That's the elements of this crime." Sexual assault by the use of Reed's mouth was not described by either side as an element. Further, as the Court of Criminal Appeals has already stated in this case:

> [A]lthough there was a brief mention during voir dire that sexual assault in general could be committed by means other than by sexual organ, the venire was

not specifically told that "by mouth" could be one of those ways, and there was no reference during voir dire or opening statements by either party that Appellant used or tried to use any means other than his sexual organ.

*Reed v. State*, 680 S.W.3d 620, 631 (Tex. Crim. App. 2023)

Thus, after reviewing other relevant information, this factor does not weigh in favor of a finding of egregious harm in the lack of an alleged proper unanimity instruction.

### *Conclusion*

The contested and argued issue in the trial court was consent, not whether Reed penetrated M.K.'s sexual organ with his mouth or his sexual organ. As the Court of Criminal Appeals previously recognized,

> The lawyers tried the case as a consent case, and from the start of trial until its conclusion, Reed's defensive theory was he had a drunken but consensual encounter with M.K., and the prosecution theory was that Appellant took advantage of an overly intoxicated woman who did not consent to any sexual encounter. The defense strategy was not to ask the jury to acquit because Reed had committed a different act than what the State had charged him with. The defense strategy was to rehabilitate Appellant's credibility, challenge M.K.'s credibility, and focus on the [State's] failure to test supposedly inculpatory evidence which could have confirmed penetration and thus M.K.'s version of events…."

*Reed v. State*, 680 S.W.3d 620, 631 (Tex. Crim. App. 2023).

Thus, considering the entire jury charge, the state of the evidence, the arguments of the parties, and any other relevant information, we find that, even if the trial court's failure to give a proper unanimity instruction as alleged by Reed was error, that error did not affect the very basis of the case, deprive Reed of a valuable right, or vitally affect his defensive theory. Reed's third issue is overruled.

**CONCLUSION**

Having overruled each of Reed's remaining issues on remand, we affirm the trial court's judgment.

> TOM GRAY
> Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Rose[1]
Affirmed
Opinion delivered and filed August 22, 2024
Do not publish
[CR25]



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.